IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-40068-08-JAR |
| | ) | |
| OTIS DEAN PONDS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Otis Ponds' motion (Doc. 160) for revocation of the magistrate's order of detention, which this Court treats as a motion under 18 U.S.C. § 3145(b) for review of the magistrate's order. The submission has been fully briefed (Docs. 160, 171) and is ripe for decision. The court held an evidentiary hearing on October 28, 2013. Defendant's motion is denied and Magistrate Judge Kenneth G. Gale's order of pretrial detention is affirmed for the reasons herein.

**I.      Facts and Procedural History**

The basis for Magistrate Judge Gale's order of detention is set forth in his order of July 11, 2013. (Doc. 90.) After the government requested a hearing and invoked the presumption of detention found at 18 U.S.C. § 3142(e)(3), Magistrate

Judge Gale heard and considered proffers of the parties as well as the pretrial services report that recommended detention. Magistrate Judge Gale noted the presumption of detention applied to the case, and he then found the defendant had not successfully rebutted the presumption. Accordingly, he ordered the defendant detained pending trial.

The defendant asks this court to revoke the magistrate's order. He concedes that the presumption applies. Through counsel, however, the defendant has submitted three new and different plans as to where he can live if released. In light of these proposals, he argues that he has successfully rebutted the presumption and that a combination of conditions of release can be set that would assure both his appearance and the safety of the community. The government opposes the defendant's request for release pending trial.

## II.   Analysis

By statute,[1] a defendant may seek review in the district court of a magistrate judge's detention order. The district court conducts a *de novo* review of the magistrate judge's order of detention.[2] The district court must make an

---

1  18 U.S.C. § 3145(b).

2  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

"independent determination of the proper pretrial detention or conditions for release."[3]

While "*de novo* review does not require a *de novo* evidentiary hearing," this court gave defendant the opportunity to present evidence.[4] Defendant chose not to present evidence and instead defendant's counsel made certain proffers which the court has considered.

The court turns now to a *de novo* review of detention under 18 U.S.C. § 3142.

> Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[5]

The defendant is charged with conspiracy to traffic crack cocaine and one

---

[3] *Id*. (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)).

[4] *United States v. Walters*, 89 F. Supp.2d 1217, 1219-21 (D.Kan. 2000)(citing cases).

[5] *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

substantive drug offense, with a potential sentence of ten years or more. The indictment is sufficient to establish probable cause.[6] The burden now shifts to defendant to rebut the presumption created by the drug charge. "The burden of production imposed on a defendant is to offer some credible evidence contrary to the statutory presumption."[7]

The court has carefully considered the three release plans proffered by the defendant, as well as each of the factors set forth in 18 U.S.C. § 3142(g). For the reasons stated on the record at the hearing on this matter, which are fully incorporated by reference herein, the court finds that none of the proffered release plans present an acceptable situation for a defendant involved in this significant a drug trafficking organization, facing this substantial a sentence, and with a criminal history as lengthy and as egregious as this defendant's. Accordingly, the defendant has failed to rebut the presumption of detention that applies in this case.

## III. Conclusion

Based upon the evidence presented before the magistrate and upon *de novo* review, the court concludes that no set of conditions of release will assure either

---

[6] *Id.*, 932 F.2d at 1355.

[7] *United States v. Miller*, 625 F. Supp. 513, 519 (D. Kan. 1985).

the presence of the defendant or the safety of the community.  This court affirms the order of Magistrate Judge Gale, and the defendant shall be detained pending trial.

IT IS SO ORDERED.

Dated October 30, 2013, at Topeka, Kansas.

   s/ Julie A. Robinson
Honorable Julie A. Robinson
United States District Judge