IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-40060-08-DCC |
| ) | |
| OTIS DEAN PONDS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the court upon Defendant Otis Dean Ponds' Motion to Reopen the Issue of Detention and for Release of Defendant Pursuant to 18 U.S.C. § 3142(f) and § 3164(c) (ECF No. 500). The government has filed a response opposing the motion. For the reasons stated below, the motion is denied.

Mr. Ponds is charged in two (2) counts involving conspiracy to distribute crack cocaine and attempted distribution of crack cocaine in violation of federal statutes. On July 10, 2013, Magistrate Judge Kenneth G. Gale conducted a detention hearing and granted the government's motion for pretrial detention. Judge Gale found there was probable cause to believe that Mr. Ponds committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, and therefore, the law imposes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.[1] Judge Gale considered that the charged offenses carry substantial potential penalties, the substantial weight of the evidence, Mr. Ponds' significant criminal history, and the potential danger posed to the

---

[1] Order of Detention Pending Trial at 2, ECF No. 90.

community if the court were to release Mr. Ponds.[2] The court found Mr. Ponds had failed to overcome the presumption of detention because he had not demonstrated there were conditions of release that would assure his appearance for proceedings and assure the safety of the community. Mr. Ponds sought review of the magistrate judge's order by the district judge, and on October 31, 2013, District Judge Julie A. Robinson affirmed the magistrate judge's ruling.[3] In addition to reviewing the magistrate judge's ruling, the district judge also considered three new release plans proffered by Mr. Ponds that were not previously presented to Judge Gale. She found that none presented "an acceptable situation for a defendant involved in this significant a drug trafficking organization, facing this substantial a sentence, and with a criminal history as lengthy and egregious as this defendant's."[4] She concluded that no set of conditions of release would assure Mr. Pond's appearance for proceedings or the safety of the community.

Subsequently, Mr. Ponds and most of his co-defendants have filed various pretrial motions, including motions to suppress wiretap evidence. The district judge granted in part defendants' motions to suppress certain wiretap evidence, ruling that the state court judge issuing the order lacked territorial jurisdiction over phone calls intercepted outside of the Eighth Judicial District of Kansas. The district judge also ruled that if the target phone was located within the Eighth Judicial District at the time of the call in question, then that call could be admitted into evidence. This resulted in the government obtaining orders for cell site location data for the phones at issue. Because the government would not obtain this information by October 28, 2014, when trial was scheduled to begin, the government requested a continuance, which the district

---

[2] *Id.*

[3] *See* Mem. and Order, ECF No. 187.

[4] *Id.* at 4.

judge granted over the defendants' objections. Trial is now set for June 1, 2015. Mr. Ponds contends that the court should reopen his detention hearing and order pretrial release because of the length of time until Mr. Ponds' trial.

The Bail Reform Act[5] applies to pretrial detention. Under 18 U.S.C. § 3142(f), a detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Although Mr. Ponds cites § 3142, his arguments focus primarily on § 3164 of the Speedy Trial Act,[6] which he contends requires reopening the issue of detention under these circumstances.

"[I]n some circumstances, the Speedy Trial Act explicitly provides for automatic review of detention."[7] Here, Mr. Ponds relies on 18 U.S.C. § 3164, which applies to "a detained person who is being held in detention solely because he is awaiting trial . . . ."[8] "Section 3164 provides that a defendant who has been detained for longer than ninety days must be released."[9] However, the statute also provides that "the periods of delay enumerated in section 3161(h) are excluded in computing the time limitation."[10] In *United States v. Theron*, the Tenth Circuit recognized some of the potential problems of reading the § 3161(h) exclusions literally into § 3164: "For example,

---

[5] 18 U.S.C. § 3141, *et seq*.

[6] 18 U.S.C. §3161, *et seq*.

[7] *United States v. Jarvis*, 299 Fed. App'x, 804, 807 (10th Cir. 2008) (citing 18 U.S.C. § 3164(c)).

[8] 18 U.S.C. § 3164(a)(1).

[9] *United States v. Theron*, 782 F.2d 1510, 1515 (10th Cir. 1986).

[10] *Id.*

if we find the time has run under § 3161, we must order dismissal of the indictment. But failure to commence trial within the time limits of § 3164 results in automatic review of the conditions of release and perhaps release on bail."[11] The Tenth Circuit held that the "reasonable delay" exclusions under § 3161(h)(7) have "a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises."[12]

In this case, the district judge has ruled that various § 3161(h) exclusions apply to the continuance of the trial date. The order states,

> The Court also finds that the ends of justice outweigh the best interests of defendants and the public in a trial occurring within the time period provided by the Speedy Trial Act. See 18 U.S.C. §3161 (h)(7)(A). The Court bases this finding on the following factors: (i) denying the continuance necessary to accommodate this schedule would produce a miscarriage of justice because defendants could have presented the motions necessitating this continuance much sooner than they did, but they elected to postpone their filing hoping to secure an outcome wholly unrelated to the merits of the charges against them (18 U.S.C. §3161 (h)(1)(B)(i)); (ii) this case is sufficiently unusual and complex due to the number of defendants, the novelty of the issue presented by the defendants' wiretap suppression motion, and the nature of the prosecution that defendants' motion necessitates (18 U.S.C. §3161 (h)(1)(B)(ii)); and (iii) the schedule adopted in this order is necessary because, without it, the defendants' late-asserted motion would deny the Government the chance to prepare effectively for a trial on the merits of the charges against defendants and their asserted defenses (18 U.S.C. §3161 (h)(1)(B)(iv)).[13]

As is the case here, generally, the court's rulings on excludable time under § 3161(h) do not specify whether the exclusions would apply equally for the purpose of dismissal of an indictment or for the purpose of pretrial release under § 3164. But in this case, Mr. Ponds does

---

[11] *Id.* at 1516.

[12] *Id.*

[13] Scheduling Order at 3-4, ECF No. 496.

4

not present any circumstances from which the undersigned would differ from the district judge's ruling. Mr. Ponds argues the time between the scheduled trial date of October 28, 2014, to the rescheduled trial date of June 1, 2015, should count toward the 90-day calculation. He points to his objection to the continuance and argues that the continuance occurred through no fault of his own except for the exercise of his constitutional right to challenge the evidence in this case. However, the district judge largely rejected this position. As noted above, his order states that defendants could have brought their motions much sooner, which was one of the considerations for the district judge's finding that the time period is excludable under the Speedy Trial Act.

The circumstances in this case stand in contrast to the criminal defendant in *Theron*, who was ready to proceed to trial, did not join in any of his co-defendants' motions, and was willing to be tried immediately if that meant waiving certain rights.[14] In other words, the delay in *Theron* was "through no fault of the accused."[15] Given the district judge's ruling that the continuance constitutes excludable time under § 3161(h) and his finding that the defendants bore some responsibility for the circumstances necessitating the continuance, the court finds that Mr. Ponds has not been incarcerated for a period of time that would require the court to review the issue of pretrial release under § 3164(c).

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Otis Dean Ponds' Motion to Reopen the Issue of Detention and for Release of Defendant Pursuant to 18 U.S.C. § 3142(f) and § 3164(c) (ECF No. 500) is denied.

**IT IS SO ORDERED.**

---

[14] *Theron*, 782 F.2d at 1512.

[15] *Id*. at 1515.

5

Dated this 20th day of November, 2014, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge
